J-A15009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| MICHAEL R. POTTS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LINDSEY M. POTTS | : | No. 102 MDA 2025 |

Appeal from the Order Entered December 23, 2024
In the Court of Common Pleas of York County Civil Division at No(s):
2024-FC-001478-03

BEFORE:   BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:              **FILED: JULY 21, 2025**

Michael R. Potts ("Father") appeals from the order awarding primary physical custody to Lindsey M. Potts ("Mother") and partial custody to Father. Since the trial court did not comply with the timing requirements of 23 Pa.C.S. § 5323(d), we vacate the order and remand for further proceedings.

In light of our holding, we need not delve deeply into the history of this case. Suffice it to say, the matter came before the trial court in 2024, when Father filed a complaint for custody of the parties' two children. An interim order awarded Mother primary and Father partial physical custody. Specifically, Father had custody two weeknight evenings each week, as well as alternating weekends during the school year and summer. Following trial,

_____

[*] Former Justice specially assigned to the Superior Court.

the court entered a final custody order, expanding his weekend periods during the school year and imposing a four-four-three-three schedule in the summer.

Father timely appealed, raising several challenges to the arrangement. However, we first address his complaint that the court failed to abide by § 5323(d), which provides: "The court shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S. § 5323(d). This Court has held that § "5323(d) requires the trial court to set forth its mandatory assessment of the [custody] factors [detailed in 23 Pa.C.S. § 5328(a)] **prior to the deadline** by which a litigant must file a notice of appeal." *C.B. v. J.B.*, 65 A.3d 946, 955 (Pa.Super. 2013) (emphasis added). This temporal component is critical because "permit[ting] a trial court to delay addressing the . . . custody factors until the preparation of its Pa.R.A.P. 1925(a) opinion yields an absurd and unreasonable result." *Id*. at 953. We explained that it "would leave litigants in the untenable position of having to navigate the initial stages of the appellate process blind." *Id*. Instead, we provided the following guidance:

> Ideally, trial courts should address the statutory factors, either orally in open court or in a written opinion, contemporaneously with the issuance of the custody order. If, because of the court's substantial case load or other factors, compliance . . . is not possible contemporaneously with the order, the trial court should indicate in the custody order that its examination of the factors is forthcoming shortly, so as to not impede a litigant's ability to pursue an appeal if the litigant so chooses. This affords the trial court some flexibility in carrying out its function, while also providing litigants a reasonable amount of time to analyze the trial court's rationale, to determine whether to appeal, and to decipher which issues might be meritorious in that appeal.

*Id*. at 955.

Further, we elucidated that "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." *C.M. v. M.M.*, 215 A.3d 588, 593 (Pa.Super. 2019) (cleaned up). Thus, "[a] court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with [§] 5323(d)." *Id*. (cleaned up).

On appeal, Father attacks the temporal component, arguing that the court did not provide its reasoning until it entered its Rule 1925(a) opinion, which was filed "after knowing which party filed the appeal challenging its decision[.]" Father's brief at 30-31. Although the trial court asserts in its Rule 1925(a) opinion that it "stated in detail, on the record and in open court, a summary of its findings supporting each of the . . . custody factors[,]" the record bears out that this summary did not fulfill the court's § 5328(d) obligations.[1] *See* Trial Court Opinion, 2/12/25, at 2 (parenthetical numbers omitted). To wit, at the conclusion of the trial, the court took the matter under advisement and merely provided "a brief summary of some of the testimony

---

[1] We observe that even the discussion in its Rule 1925(a) opinion only proffers findings as to seven factors, instead largely summarizing the testimony for each factor without explaining how it reached its custody decision. *See* Trial Court Opinion, 2/12/25, at 7-16 (deeming three factors not at issue, one neutral, and three in favor of Mother). On remand, the court must both temporally comply with § 5323(d) and provide a sufficient "explanation of reasons for its decision, which adequately addresses the relevant factors[.]" *C.M. v. M.M.*, 215 A.3d 588, 593 (Pa.Super. 2019) (cleaned up).

throughout [the day's trial] as it pertain[ed] to each factor." N.T. Trial, 12/6/24, at 224. Critically, it did not express (1) its credibility determinations of the summarized testimony, (2) which factors favored which parent, or (3) any impact the testimony had upon that determination. Likewise, the court neglected to explain its factorial findings either contemporaneously with its final custody order or before the time for filing a notice of appeal expired.

Since the court did not delineate its analysis of the § 5328(a) factors in open court or in an opinion filed before the time for taking an appeal, it failed to comply with the requirements of § 5323(d). Accordingly, we must vacate the custody order and remand for the court to consider the underlying custody complaint and "the factors from [§] 5328(a) on the record or in a written opinion. The trial court shall then enter a new custody order based on its consideration and assessment of [§] 5328(a) and [the children]'s best interests." **C.M.**, 215 A.3d at 594. Should Father remain unsatisfied at that juncture, he may seek relief in this Court by filing a notice of appeal from the new order.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2025